UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL D. COHEN,<br><br>*Petitioner,*<br><br>v.<br><br>WILLIAM BARR, in his official capacity as Attorney General of the United States, MICHAEL CARVAJAL, in his official capacity as Director of the Bureau of Prisons, and JAMES PETRUCCI, in his official capacity as Warden of the Federal Correctional Institution, Otisville,<br><br>*Respondents*. | No. 20 Civ. 5614 |

## DECLARATION OF E. DANYA PERRY

I, E. Danya Perry, an attorney duly admitted to practice in the Southern District of New York, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney with the law firm of Perry Guha LLP, with offices located at 35 East 62nd Street, New York, New York, 10065.

2. I submit this declaration upon personal knowledge in connection with this Verified Petition for Writ of Habeas Corpus (the "Petition"). I represent Michael Cohen in connection with this Petition.

3. My firm was retained by Mr. Cohen on or about July 11, 2020. On July 12, 2020, I emailed two of the Assistant United States Attorneys for the Southern District of New York, Thomas McKay and Nicolas Roos (the "AUSAs"), who had been responsible for the prosecution in Mr. Cohen's criminal case, *United States v. Michael Cohen*, 18 Cr. 602 (WHP). I then spoke with them on the telephone shortly thereafter.

1

4.      My purpose in reaching out to the AUSAs was to share with them my conviction that the Bureau of Prisons ("BOP") had violated Mr. Cohen's First Amendment rights by remanding him to the Federal Correctional Institution, Otisville ("FCI Otisville") after he had questioned a condition of his home confinement that would have operated as a blanket gag order. I understood that the Civil Division of the U.S. Attorney's Office would be in the position of defending the BOP in the event that Mr. Cohen were forced to seek judicial intervention, and I hoped that we could quickly prevail upon the U.S. Attorney's Office, through the AUSAs, to reason with the BOP. I believed that the fastest route to releasing Mr. Cohen would be through the intervention of the AUSAs, and I was invested with a great sense of urgency because Mr. Cohen was unlawfully in solitary confinement and was suffering badly. I explained to the AUSAs that Mr. Cohen was at grave risk in FCI Otisville, due to his significant medical issues and his horrific conditions of confinement. In our July 12, 2020 phone call, the AUSAs listened to my arguments and posed some questions.

5.      I addressed those questions in a letter to the AUSAs the following day, July 13, 2020. Among other things, I reiterated in writing what I had said in our phone call: "*Mr. Cohen is prepared to execute a Federal Location Monitoring agreement*." (Emphasis in original).

6.      Later that day, the AUSAs raised certain additional questions, to which I responded with several emails and a letter the following day. Following my July 14, 2020 letter, I emailed the AUSAs to re-emphasize our client's sense of urgency (as I did on a number of occasions by phone and email beginning on July 12, 2020). The AUSAs stated that they understood, and that they were scheduled to speak with the BOP on July 15, 2020.

7.      On July 16, 2020, AUSA McKay emailed me and my law partner to state that he had "spoken to a BOP lawyer, and relayed the arguments you've communicated to us and my

preliminary assessment of them. He and his colleagues at BOP are going to carefully consider them, and will let me know if they decide to give Mr. Cohen another opportunity to transfer to home confinement." AUSA McKay added that the BOP lawyer "did not have a timeline for when such a decision would be made."

8. On July 18, 2020, I emailed the AUSAs to advise that "we intend to seek judicial intervention on Monday if we are not able to resolve the outstanding issues." My law partner and I then requested a short call with the AUSAs. In that call, also on July 18, 2020, we asked again if there were any way to reach agreement in order to have Mr. Cohen released to home confinement. I made clear once again that Mr. Cohen would sign the original FLM Agreement as a condition of release while we worked out appropriately tailored provisions. The AUSAs responded that the decision was with the BOP, and the AUSAs could not provide a timeframe in which the BOP would make that decision. I explained that, under that uncertain timeline and given the exigent circumstance, we would be seeking a temporary restraining order on July 20, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 20, 2020
New York, New York

E. Danya Perry

## **CERTIFICATE OF SERVICE**

      I, E. Danya Perry, certify that on July 20, 2020, I caused the foregoing Declaration of E. Danya Perry to be filed with the Clerk of the Court and served upon Respondents' counsel via email and registered mail, in accordance with an agreement between counsel.

                                              */s/ E. Danya Perry*
                                              E. Danya Perry