

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 30, 2020

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Cohen v. Barr, et al.*, No. 20 Civ. 5614 (AKH)

Dear Judge Hellerstein:

    The Government writes, with the consent and agreement of Petitioner, to update the Court on several issues in the above-captioned matter, including to notify the Court that the parties have conferred and reached agreement regarding the media provision.

    First, the parties agree that Your Honor's statements on the record during the July 23, 2020, hearing indicated an intention that Petitioner be transferred from Federal Correctional Institution, Otisville, to home confinement. However, the Court's subsequent order uses the term "release," rather than home confinement. *See* ECF No. 30. Therefore, with Petitioner's consent, Respondents respectfully request that the Court clarify that Petitioner is on home confinement, rather than under a term of supervised release.

    Second, consistent with the Court's order, Petitioner was transferred to home confinement on Friday, July 24, 2020. Petitioner's home confinement is now being monitored through one of BOP's contracts with a residential reentry center ("RRC") provider, rather than by the United States Probation Office ("Probation Office"). RRC supervision is a routine manner of home confinement supervision. The RRC uses a different, standard home confinement agreement than the Probation Office ("RRC Agreement"). On Friday, the parties agreed that the Petitioner would sign the attached RRC Agreement and that the terms in the RRC Agreement were acceptable to Petitioner and the functional equivalent of items 2 through 8 in the Federal Location Monitoring ("FLM") agreement that Your Honor had deemed appropriate. *See* ECF No. 30; July 23 Hr'g Tr. 18-19.

    Third, the parties agree that a specific provision regarding Petitioner's contact with the media is not necessary. Per the attached RRC Agreement, Petitioner is required to have his employment approved by the RRC just like any other supervisee, and this approval will not be unreasonably withheld. *See* ¶ 8. There is therefore no need for this Court to resolve any further dispute about restrictions on Petitioner's contact with the media.

      Finally, the parties will consider the Court's injunction to be permanent.  Respondents do not intend to further litigate or appeal the Court's rulings.  *See* ECF No. 30; July 23 Hr'g Tr. 11, 18-19.  Therefore, the parties agree that the Court need not conduct any further proceedings in this matter.  The parties further request that the Court dismiss this matter.

      The parties have contemporaneously filed a stipulation and proposed order to this effect.

      We thank the Court for its consideration of this letter.

      Respectfully,

      AUDREY STRAUSS
      Acting United States Attorney

By: /s/ Allison M. Rovner
      ALLISON M. ROVNER
      Assistant United States Attorney
      Tel. (212) 637-2691

cc:    Counsel for Petitioners (By ECF)



# Bronx Community Reentry Center Electronic Monitoring Conditions

The following conditions will apply for residents placed on the home confinement component with electronic monitoring:

- O Drug Testing will be provided. All residents will be tested at least once each month. Residents with a condition of drug aftercare, known history of drug abuse, or suspected of illegal use of drugs, will be required to provide urine samples four times per month;

- O Staff will have at least one in-person contact with the resident per week. At least one contact each month will take place at the resident's home and one at their place of employment. All contacts will be documented in the home confinement log. Each contact will include, but not be limited to, visual inspection of the electronic monitoring equipment, verification of residence and of participation in other required programs or treatment activities;

- O Staff will review the resident's monthly telephone bill to ensure it has been paid and the service does not include call forwarding or other unauthorized services;

- O Initially, residents will be expected to remain at their residence at all times except when they are at work, traveling to and from work, or participation in other required program activities. The established program plan may include an opportunity for the resident to earn a reduction in the hours in which their activity is restricted. This will necessitate RRM approval;

- O Residents who fail to remain at their specified locations may be considered an escapee, in such instances staff will immediately notify the RRM.

- O Residents will be held responsible for any damaged or unreturned equipment

- O Residents that opt out of the electronic monitoring program will be issued an incident report for violation of a community-based program and will not be granted any weekend/social passes

Your signature indicates that you agree to the above listed conditions:

Resident Signature: _____   Date: 7/24/20

Staff Signature: _____   Date: 7/24/2020

BP-A0460
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**CONDITIONS OF HOME DETENTION**   CDFRM

FEDERAL BUREAU OF PRISONS

| Resident Michael Cohen | Register Number 86067-054 |
|---|---|

I understand that my placement on Home Detention status is a privilege which may be revoked by the Community Corrections Manager (CCM). I understand that any violation of Home Detention Conditions, or conduct or activity which reflects a disregard for the rights of others, shall be sufficient cause to revoke my Home Detention and/or terminate my Residential Re-Entry Center (RRC) program participation

I understand and agree to abide by the following conditions during my period of Home Detention:

1. (MC) I will reside at my approved residence at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
2. (MC) I will conduct myself in a lawful manner.
3. (MC) I will accept phone calls from RRC/Probation Staff, verifying my presence at my home and at my job site. I agree to maintain a telephone at my place of residence without "call forwarding," or "three-way calling" for this period and will, when requested, provide copies of my telephone bill to the Center/Probation staff. I also agree that if my confinement is to be electronically monitored, I will wear any electronic monitoring device required, follow procedures specified, and comply with any telephone and computer access restrictions as they apply to the monitoring device requirements.
4. (MC) I will accept the visits of RRC/Probation personnel to my job site and home.
5. (MC) I will return to the RRC/Probation at least **2x** weekly for routine progress reviews and program participation, and more often if instructed to do so.
6. (MC) I understand I must continue mental health/psychiatric treatment, substance abuse treatment, sex offender treatment while on Home Detention. **N/A**
7. (MC) I will not own or possess any deadly weapon or knowingly be in the company of a person possessing the same.
8. (MC) I will remain steadily employed at **Unemployed.** and will not change employment without prior approval of RRC/Probation staff
9. (MC) I will not knowingly associate with persons having a criminal record, nor frequent places where illegal activities are conducted.
10. (MC) I will not drink alcoholic beverages of any kind; nor will I enter any establishments, such as bars or liquor stores, where the sale and/or consumption of alcoholic beverages on the premises is the primary business of the establishment.
11. (MC) Except as medically authorized, I will not use or possess narcotics, or other controlled substances, nor be in the presence of persons possessing the same.
12. (MC) I agree that during the Home Detention period, I will remain at my place of residence, except for employment, unless I am given specific permission to do otherwise.
13. (MC) I will not own or drive a motor vehicle without proper authorization.
14. (MC) I will abide by special instructions given to me by the RRC/Probation, e.g., electronic monitoring program participation.
15. (MC) I will submit to urinalysis or alcohol testing as requested by the RRC/Probation. I understand that ingestion of poppy seed food products may result in positive test results for unauthorized drug use and is therefore prohibited.
16. (MC) I agree to pay subsistence for the cost of my participation in Home Detention.
17. (MC) I understand that I am personally responsible for all costs of my housing, meals, and general subsistence, while I am on Home Detention.

I fully understand that willful failure to report as required, unauthorized change of residence, employment, or failure to otherwise inform Center staff of my whereabouts, could constitute an escape from federal custody.

| Resident's Signature | *[signature]* | Date | 07/24/2020 |
|---|---|---|---|
| Approved (RRC Director) | | | |
| Approved (CCM) | | | |

Record Copy – To CCM – Community Corrections Manager; Copy – To RRC – Residential Re-Entry Center; Copy – To USPO – U.S. Probation Officer

PDF                    Prescribed by P7320                    Replaces BP-460(73) of DEC 93