UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. COHEN,

    Petitioner,

        vs.

WILLIAM BARR, in his official capacity as Attorney General of the United States, MICHAEL CARVAJAL, in his official capacity as Director of the Bureau of Prisons, and JAMES PETRUCCI, in his official capacity as Warden of the Federal Correctional Institution, Otisville,

    Respondents.

No. 20 Civ. 5614 (AKH)

**STIPULATION AND ORDER**

    IT IS HEREBY STIPULATED AND AGREED by and between Petitioner Michael D. Cohen ("Petitioner") and Respondents William Barr, in his official capacity as Attorney General of the United States, Michael Carvajal, in his official capacity as Director of the Bureau of Prisons ("BOP"), and James Petrucci, in his official capacity as Warden of Federal Correctional Institution, Otisville (collectively, "Respondents"), by and through their respective attorneys, that the above-captioned action (the "Action") shall be further resolved as follows:

    1.    Pursuant to the Court's orders (*see* ECF No. 30; July 23 Hr'g Tr.), on July 24, 2020, BOP transferred Petitioner from Federal Correctional Institution, Otisville, to home confinement for purposes of serving the remainder of his sentence.

    2.    Petitioner's home confinement is being monitored through one of BOP's contracts with a residential reentry center ("RRC") provider, rather than by the United States Probation Office ("Probation Office") as originally planned. RRC supervision is a routine manner of home confinement supervision. On July 24, the parties agreed that Petitioner would sign the attached form ("RRC Agreement"). The terms in the RRC Agreement are acceptable to Petitioner and the

functional equivalent of items 2 through 8 in the Federal Location Monitoring ("FLM") agreement that the Court had deemed appropriate.  *See* ECF No. 30; July 23 Hr'g Tr. 18-19.

3. There shall be no specific media provision governing Petitioner's home confinement.  Per the RRC Agreement, Petitioner is required to have his employment approved by the RRC just like any other supervisee, and this approval will not be unreasonably withheld.

4. The Court's injunction is permanent.  Respondents will not further litigate or appeal the Court's rulings.  Accordingly, there is no need for the Court to conduct further proceedings after execution of this Stipulation and Order.

5. The Court hereby dismisses this action.

6. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

7. This Stipulation and Order may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Order.  Facsimiles and/or PDFs of signatures shall have the same force and effect as the original signatures and constitute acceptable, binding signatures for purposes of the Stipulation and Order.

WHEREAS, the Parties accept the terms, conditions, and requirements of this Stipulation and Order as of the dates written below:

Dated: New York, New York
July 30, 2020

AUDREY STRAUSS
Acting United States Attorney for
the Southern District of New York
*Attorney for Respondents*

By: _____
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2691
Fax: (212) 637-2750
allison.rovner@usdoj.gov

Dated: New York, New York
July 30, 2020

PERRY GUHA LLP
*Attorneys for Petitioner*

_____
DANYA PERRY, ESQ.
Perry Guha LLP
35 East 62nd Street
New York, NY 10065
Tel.: (212) 399-8330
dperry@perryguha.com

SO ORDERED:

_____
HON. ALVIN K. HELLERSTEIN
United States District Judge

Dated:_____



# Bronx Community Reentry Center Electronic Monitoring Conditions

The following conditions will apply for residents placed on the home confinement component with electronic monitoring:

- O  Drug Testing will be provided. All residents will be tested at least once each month. Residents with a condition of drug aftercare, known history of drug abuse, or suspected of illegal use of drugs, will be required to provide urine samples four times per month;

- O  Staff will have at least one in-person contact with the resident per week. At least one contact each month will take place at the resident's home and one at their place of employment. All contacts will be documented in the home confinement log. Each contact will include, but not be limited to, visual inspection of the electronic monitoring equipment, verification of residence and of participation in other required programs or treatment activities;

- O  Staff will review the resident's monthly telephone bill to ensure it has been paid and the service does not include call forwarding or other unauthorized services;

- O  Initially, residents will be expected to remain at their residence at all times except when they are at work, traveling to and from work, or participation in other required program activities. The established program plan may include an opportunity for the resident to earn a reduction in the hours in which their activity is restricted. This will necessitate RRM approval;

- O  Residents who fail to remain at their specified locations may be considered an escapee, in such instances staff will immediately notify the RRM.

- O  Residents will be held responsible for any damaged or unreturned equipment

- O  Residents that opt out of the electronic monitoring program will be issued an incident report for violation of a community-based program and will not be granted any weekend/social passes

Your signature indicates that you agree to the above listed conditions:

Resident Signature: _____  Date: 7/24/20

Staff Signature: _____  Date: 7/24/2020

BP-A0460  
JUNE 10  
U.S. DEPARTMENT OF JUSTICE

**CONDITIONS OF HOME DETENTION**    CDFRM

FEDERAL BUREAU OF PRISONS

| Resident Michael Cohen | Register Number 86067-054 |
|---|---|

I understand that my placement on Home Detention status is a privilege which may be revoked by the Community Corrections Manager (CCM). I understand that any violation of Home Detention Conditions, or conduct or activity which reflects a disregard for the rights of others, shall be sufficient cause to revoke my Home Detention and/or terminate my Residential Re-Entry Center (RRC) program participation

I understand and agree to abide by the following conditions during my period of Home Detention:

1. (MC) I will reside at my approved residence at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
2. (MC) I will conduct myself in a lawful manner.
3. (MC) I will accept phone calls from RRC/Probation Staff, verifying my presence at my home and at my job site. I agree to maintain a telephone at my place of residence without "call forwarding," or "three-way calling" for this period and will, when requested, provide copies of my telephone bill to the Center/Probation staff. I also agree that if my confinement is to be electronically monitored, I will wear any electronic monitoring device required, follow procedures specified, and comply with any telephone and computer access restrictions as they apply to the monitoring device requirements.
4. (MC) I will accept the visits of RRC/Probation personnel to my job site and home.
5. (MC) I will return to the RRC/Probation at least __2x__ weekly for routine progress reviews and program participation, and more often if instructed to do so.
6. (MC) I understand I must continue mental health/psychiatric treatment, substance abuse treatment, sex offender treatment while on Home Detention.  N/A
7. (MC) I will not own or possess any deadly weapon or knowingly be in the company of a person possessing the same.
8. (MC) I will remain steadily employed at __Unemployed__ and will not change employment without prior approval of RRC/Probation staff
9. (MC) I will not knowingly associate with persons having a criminal record, nor frequent places where illegal activities are conducted.
10. (MC) I will not drink alcoholic beverages of any kind; nor will I enter any establishments, such as bars or liquor stores, where the sale and/or consumption of alcoholic beverages on the premises is the primary business of the establishment.
11. (MC) Except as medically authorized, I will not use or possess narcotics, or other controlled substances, nor be in the presence of persons possessing the same.
12. (MC) I agree that during the Home Detention period, I will remain at my place of residence, except for employment, unless I am given specific permission to do otherwise.
13. (MC) I will not own or drive a motor vehicle without proper authorization.
14. (MC) I will abide by special instructions given to me by the RRC/Probation, e.g., electronic monitoring program participation.
15. (MC) I will submit to urinalysis or alcohol testing as requested by the RRC/Probation. I understand that ingestion of poppy seed food products may result in positive test results for unauthorized drug use and is therefore prohibited.
16. (MC) I agree to pay subsistence for the cost of my participation in Home Detention.
17. (MC) I understand that I am personally responsible for all costs of my housing, meals, and general subsistence, while I am on Home Detention.

I fully understand that willful failure to report as required, unauthorized change of residence, employment, or failure to otherwise inform Center staff of my whereabouts, could constitute an escape from federal custody.

| Resident's Signature | *[signature]* | Date | 07/24/2020 |
|---|---|---|---|
| Approved (RRC Director) | | | |
| Approved (CCM) | | | |

Record Copy - To CCM - Community Corrections Manager; Copy - To RRC - Residential Re-Entry Center; Copy - To USPO - U.S. Probation Officer