UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. COHEN,

    Petitioner,

    vs.

WILLIAM BARR, in his official capacity as Attorney General of the United States, MICHAEL CARVAJAL, in his official capacity as Director of the Bureau of Prisons, and JAMES PETRUCCI, in his official capacity as Warden of the Federal Correctional Institution, Otisville,

    Respondents.

No. 20 Civ. 5614 (AKH)

**STIPULATION AND ORDER**

    IT IS HEREBY STIPULATED AND AGREED by and between Petitioner Michael D. Cohen ("Petitioner") and Respondents William Barr, in his official capacity as Attorney General of the United States, Michael Carvajal, in his official capacity as Director of the Bureau of Prisons ("BOP"), and James Petrucci, in his official capacity as Warden of Federal Correctional Institution, Otisville (collectively, "Respondents"), by and through their respective attorneys, that the above-captioned action (the "Action") shall be further resolved as follows:

    1.    Pursuant to the Court's orders (*see* ECF No. 30; July 23 Hr'g Tr.), on July 24, 2020, BOP transferred Petitioner from Federal Correctional Institution, Otisville, to home confinement for purposes of serving the remainder of his sentence.

    2.    Petitioner's home confinement is being monitored through one of BOP's contracts with a residential reentry center ("RRC") provider, rather than by the United States Probation Office ("Probation Office") as originally planned. RRC supervision is a routine manner of home confinement supervision. On July 24, the parties agreed that Petitioner would sign the attached form ("RRC Agreement"). The terms in the RRC Agreement are acceptable to Petitioner and the

functional equivalent of items 2 through 8 in the Federal Location Monitoring ("FLM") agreement that the Court had deemed appropriate. *See* ECF No. 30; July 23 Hr'g Tr. 18-19.

3. There shall be no specific media provision governing Petitioner's home confinement. Per the RRC Agreement, Petitioner is required to have his employment approved by the RRC just like any other supervisee, and this approval will not be unreasonably withheld.

4. The Court's injunction is permanent. Respondents will not further litigate or appeal the Court's rulings. Accordingly, there is no need for the Court to conduct further proceedings after execution of this Stipulation and Order.

5. The Court hereby dismisses this action.

6. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

7. This Stipulation and Order may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Order. Facsimiles and/or PDFs of signatures shall have the same force and effect as the original signatures and constitute acceptable, binding signatures for purposes of the Stipulation and Order.

WHEREAS, the Parties accept the terms, conditions, and requirements of this Stipulation and Order as of the dates written below:

Dated: New York, New York
       July 30, 2020

AUDREY STRAUSS
Acting United States Attorney for
the Southern District of New York
*Attorney for Respondents*

By: _____
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2691
Fax: (212) 637-2750
allison.rovner@usdoj.gov

Dated: New York, New York
       July 30, 2020

PERRY GUHA LLP
*Attorneys for Petitioner*

_____
DANYA PERRY, ESQ.
Perry Guha LLP
35 East 62nd Street
New York, NY 10065
Tel.: (212) 399-8330
dperry@perryguha.com

SO ORDERED:

        /s/
_____
HON. ALVIN K. HELLERSTEIN
United States District Judge

Dated: _____1/26/21_____